

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HAYK GRIGORYAN, | No. 06-70607 |
| Petitioner, | Agency No. A097-356-367 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Hayk Grigoryan, a native and citizen of Armenia, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KY/Research

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Wang v. INS,* 352 F.3d 1250, 1253 (9th Cir. 2003), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Grigoryan's asylum application was untimely because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam) (exercising jurisdiction to consider one-year bar determination where facts were undisputed). Accordingly, we dismiss Grigoryan's asylum claim.

Grigoryan claims his father, Vartan Grigoryan, was persecuted in Armenia because of articles his father wrote against the Robert Kocharyan government, and that he was persecuted, in part, for the same reason. The IJ found Grigoryan not credible, among other reasons, because: Grigoryan could not recall which month his father was beaten "almost to death"; there were implausibilities regarding Grigoryan's lack of knowledge of the whereabouts of his father and the rest of family in the United States; there was no documentation that Vartan Girgoryan was his father; and Grigoryan failed to produce any articles written by his father against the Robert Kocharyan government. We conclude the record does not compel reversal of the IJ's adverse credibility determination. *See INS v. Elias-Zacarias,*

502 U.S. 478, 481 n. 1 (1992); *see also Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000) (when the IJ has reason to question applicant's credibility, the IJ may require applicant to corroborate testimony). In the absence of credible testimony, Grigoryan failed to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)

Finally, because Grigoryan did not raise his CAT claim before the BIA, it is unexhausted and we lack jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**